UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

File Number 0:20-cv-_____

| | | |
|---|---|---|
| Elizabeth DeWitt, | ) | Judge _____ |
| | ) | Mag. Judge _____ |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| Experian plc dba Experian Information Solutions, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY STATEMENT**

1.      This action is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") against Defendant Experian plc dba Experian Information Solutions, Inc. ("Experian") for violating the FCRA's basic protections by reporting obsolete accounts.

2.      Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA.

3.      The FCRA protects consumers by putting limits on how long adverse information can appear on credit reports. 15 U.S.C. § 1681c(a).

1

4. Specifically, "no consumer reporting agency may make any consumer report containing . . . accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4)

5. Further, a consumer reporting agency is prohibited from reporting "any other item of adverse information, other than records of convictions of crimes which antedates the report by more than seven years." 15 U.S.C. § 1681c(a)(5).

6. Plaintiff therefore brings an individual claim for Defendant's failure to conduct a reasonable reinvestigation after notice by Plaintiff, and for maintaining adverse credit information in its report on Plaintiff for 12 or more years after the dates that the accounts were placed for collection, all in violation of 15 U.S.C. § 1681i and 15 U.S.C. §1681(a)(4) and (c)(1).

7. Defendants actions as alleged here are part of a pattern and practice of Defendant's noncompliance with the Fair Credit Reporting Act.

8. Plaintiff is a member of a class of similarly situated individuals who have been deprived of their statutorily protected rights by Defendant's pattern and practice.

## PARTIES

9. Plaintiff Elizabeth DeWitt is a natural person who resided in the State of Minnesota during the period when the operative facts in the matter occurred and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10. Defendant Experian plc dba Experian Information Solutions, Inc ("Experian") is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). Along with Transunion and

2

Equifax, Experian is one of the "Big 3" credit bureaus that dominate the credit reporting industry.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1441 and 15 U.S.C. § 1681p.

12. Venue is proper as a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE FCRA'S OBSOLESCENCE PROTECTIONS

13. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives; second, that despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

14. Recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

15 In passing the FCRA Congress was concerned about creditors placing undue emphasis on outdated information. Based on a desire to ensure credit markets that focused on current information, as well as a desire to allow consumers to improve their credit standing over time, the FCRA requires that "no consumer reporting agency may make any consumer report containing . . . accounts placed for collection or charged to profit and loss

3

which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4); *see also* 15 U.S.C. § 1681c(a)(5) (prohibiting the reporting of "[a]ny other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years").

16. For delinquent accounts that are placed for collection, charged to profit and loss, or subjected to any similar action, the seven year period begins 180 days after "the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

17. The FTC interpretive memorandum has reiterated that "A delinquent account that has neither been placed for collection, nor charged to profit and loss, may be reported for seven years from the date of the commencement of the delinquency," without the 180-day provision.

18. The FCRA also requires creditors to report the date of first delinquency to the credit bureaus. 15 U.S.C. § 1681s-2(a)(5).

## FACTUAL ALLEGATIONS

19. In 2008 and before, Plaintiff attended Graduate School at St. Thomas College in Minneapolis, MN.

20. In order to pay for her graduate school education, Plaintiff applied for, and obtained, a number of student loans as set forth below:

4

| Collection Agency | Type of Loan | Account Number | Balance on Credit report | Last Payment |
|---|---|---|---|---|
| ASC/SAF | Student Loan | #60944571301A0**** | $17,644 | 2008 |
| Nelnet Loan Services Inc | Student Loan | #18193**** | $4,959 | 2008 |
| Nelnet Loan Services Inc | Student Loan | #18682**** | $26,358 | 2008 |
| Nelnet Loan Services Inc | Student Loan | #18682**** | $4,251 | 2008 |
| Nelnet Loan Services Inc | Student Loan | #18682**** | $41,314 | 2008 |
| Nelnet Loan Services Inc | Student Loan | #18682**** | $12,172 | 2008 |
| Nelnet Loan Services Inc | Student Loan | #18682**** | $12,743 | 2008 |
| Nelnet Loan Services Inc | Student Loan | #18682**** | $23,291 | 2008 |
| Nelnet Loan Services Inc | Student Loan | #18682**** | $26,358 | 2008 |
| Nelnet Loan Services Inc | Student Loan | #18682**** | $47,391 | 2008 |
| NELNET/GLELSI | Student Loan | #309341906283**** | $4,298 | 2008 |
| Student Assist Foundation | Student Loan | #6094457130SF0**** | $17,998 | 2008 |
| Great Lake Higher Ed | Student Loan | #309341906283**** | $4,272 | 2008 |
| Great Lake Higher Ed | Student Loan | #209341906286**** | $67,212 | 2008 |
| Great Lake Higher Ed | Student Loan | #309341906286**** | $92,142 | 2008 |

21.   In 2008, Plaintiff became disabled.  She has been classified as disabled by the U.S. Social Security Administration.  Her income, and income potential, vanished.

5

22. Plaintiff has been unable to make any payments on any of the above identified student loans since she became disabled in 2008 and has not done so. She has been delinquent on all student loans since 2008 and before.

23. Plaintiff obtained a credit report from Defendant Experian on April 21st, 2020. The Credit Report reflected student loan delinquencies that first became delinquent 12 or more years prior to the date of the report, as set forth above. The report itself does not state the date of the first delinquencies, in violation of the FCRA.

24. Through her attorney, on June 1st, Plaintiff sent a certified letter to Defendant Experian requesting removal of all of the student loan delinquencies from Plaintiffs credit report, noting that Defendant was required to remove these loans from the credit report "without prompting."

25. On June 25th, Plaintiff's counsel received a response from Mr. Bobby Baker, "Senior Regulatory Affairs Associate" at "Experian Consumer Affairs" (Attached as Exhibit A). Mr. Baker's letter stated that Experian was "reinvestigating" the matters alleged in the letter, and "we will provide the results of our reinvestigation directly to your client."

26. Mr. Baker's June 25th letter was the last time that plaintiff or her attorney received any communication from Experian. As of the date of this complaint, Plaintiff's certified letter was sent over 3 ½ months ago.

27. On September 20th, 2020, 3½ months after the certified letter was sent, Plaintiff obtained a current copy of her Experian credit report. It continued to report delinquencies 12 years old and older, despite a "reinvestigation".

28. On September 23, 2020, Plaintiff's attorney served a draft complaint on Defendant's registered agent for service of process in Minnesota. In the accompanying letter, Defendant was informed that unless Defendant corrected the credit report by October 15th, Plaintiff would file the final complaint on that date. (Exhibit C)

29. Defendant has not responded by correcting Plaintiff's credit report, or otherwise.

30. Since Plaintiff failed to make payments on the loans that originated 12 and more years earlier, Experian, consistent with the FCRA, should have removed the account and any indication of the delinquencies that commenced before 2012 from Plaintiff's credit reports. The seven-year obsolescence period from the date of the commencement of the delinquencies had expired.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681c(a)(4)

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681c(a) by reporting delinquencies that commenced more than seven years and 180 days prior to Experian's reports.

33. As a result of Experian's violations of § 1681c(a), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to credit ratings, and emotional distress.

32. Experian's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n. Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681c(a)(4) and § 1681c(a)(5).

33. Plaintiff therefore seeks actual damages, statutory damages, punitive damages, attorneys' fees, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)

34. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

35. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

36. As a result of Experian's violations of § 1681e(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

37. Experian's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i

38. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

39. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

40. As a result of Experian's violations of § 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

41. Experian's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n. Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681i.

42. Defendant Experian is liable for Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant

    a.    Declaring that Defendant violated the FCRA;

    b.    Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    c.    Awarding damages as provided by the FCRA;

    d.    Awarding reasonable attorneys' fees and costs as provided by the FCRA;

    e.    Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**DAVID W. LARSON**
**ATTORNEY AT LAW**

Dated:    2020

Electronically Signed by
/s David W. Larson
By:    David W. Larson (WI #1018876)
    (MN#60495)
*Attorney for Plaintiff*
627 Galahad Road North
Hudson, Wisconsin 54016
(612) 799-2162
dwyvillarson@gmail.com